Opinion of the court was delivered by
Breaux, J.
The accused was indicted for robbery on October 7,. 1895, and on the same day they were bailed. • Subsequently the District Attorney moved to have the grand jury purged of one of its-members against whom there was an indictment pending. The motion having been granted the jury was instructed to find new indictments against all accused unarraigned. October 12, 1895, the grand jury presented another indictment against the accused for the same offence.
They were, in due time, called for arraignment and did not respond. At a subsequent term of the court the accused were again called for arraignment; one of them, Adolph Jackson, did not answer.-
On the District Attorney’s motion, after due proof, the bond was-forfeited and judgment entered against the accused and the surety on his bond. After the judgment had been rendered a nolle proseguí *856 ■was entered on the motion of the prosecuting officers, discontinuing 'the prosecution on the first indictment for the reason that one of 'the members of the grand jury, before it had been purged, was not ■competent to serve as a juror. A motion to have the forfeiture re - 'Scinded was filed on the ground that the surety on the bond was released by the nolle prosequi entered as to the first indictment.
After having heard the evidence the District Judge overruled the motion to rescind. Prom the judgment the surety prosecutes this -appeal.
The question for our decision is whether the surety is bound by recognizance that an accused shall appear to answer to a particular .indictment against him, after the District Attorney enters a nolle ¡prosequi as to that indictment and the grand jury brings in another if or the same offence?
'In our view, if the defendant fails to appear to answer to the seecond indictment the recognizance is forfeited.
The defendant having been held to bail is deemed to be in custody ■of the court (as if imprisoned) to answer for the charge against him. The indictment may be bad, and yet he may be held to answer to the charge as set forth in another indictment. We are of opinion •that the District Court correctly held that the bond had been forfeited. The provisions of the bond were not only to appear, but also mot to depart without leave in matter of the crime charged.
.Judgment affirmed.